ATTORNEY GENERAL LOVING HAS ASKED THAT I RESPOND TO YOUR REQUEST DATED AUGUST 20, 1992, FOR AN ATTORNEY GENERAL OPINION ADDRESSING THE FOLLOWING QUESTION WHICH ASKS, IN EFFECT:
 DOES 74 O.S. 4219.1 (1991) PLACE ANY RESTRICTIONS UPON A CURRENT CORPORATION COMMISSIONER WHO IS SEEKING AN ELECTED PUBLIC OFFICE OTHER THAN CORPORATION COMMISSIONER, AND UNDER WHAT CIRCUMSTANCES MAY HE LAWFULLY ACCEPT CAMPAIGN CONTRIBUTIONS FROM A PERSON WHO IS OR HAS AN INTEREST IN A BUSINESS WHICH IS SUBJECT TO REGULATION BY THE CORPORATION COMMISSION?
DUE TO THE FACT THAT YOUR QUESTION MAY BE ANSWERED BY A CLEAR READING OF THE CONTROLLING STATUTES, THIS OFFICE HAS DETERMINED THAT IT IS NEITHER NECESSARY NOR APPROPRIATE TO RESPOND TO YOUR REQUEST WITH A FORMAL OPINION, BUT RATHER BY THIS INFORMAL LETTER. THE FOLLOWING CONCLUSIONS ARE SOLELY MY OWN BASED UPON ANALYSIS OF YOUR QUESTION.
THE PROPRIETY OF CERTAIN CAMPAIGN CONTRIBUTIONS TO INCUMBENT CORPORATION COMMISSIONERS WHO ARE CANDIDATES FOR PUBLIC OFFICE IS GOVERNED, IN PART, BY THE PROVISIONS OF 74 O.S. 4219.1, WHICH READS AS FOLLOWS:
 "NO PERSON WHO IS SUBJECT TO THE REGULATIONS OF THE CORPORATION COMMISSION, OR HAS INTERESTS IN ANY FIRM, CORPORATION OR BUSINESS WHICH IS SUBJECT TO REGULATION BY THE CORPORATION COMMISSION SHALL FURNISH TRANSPORTATION, PRESENTS, OR GRATUITIES OTHER THAN AS PROVIDED BY THE ETHICS COMMISSION ACT TO ANY MEMBER OF THE CORPORATION COMMISSION OR ANY EMPLOYEE THEREOF; PROVIDED, HOWEVER, DURING PERIOD BEGINNING ONE HUNDRED TWENTY (120) DAYS PRIOR TO A PRIMARY ELECTION, THROUGH ONE HUNDRED TWENTY (120) DAY FOLLOWING THE GENERAL ELECTION, ANY PERSON MAY MAKE CONTRIBUTIONS NOT OTHERWISE PROHIBITED BY THE ETHICS COMMISSION ACT TO THE COST OF ANY CURRENT CANDIDATE' POLITICAL CAMPAIGN. IT HALL BE UNLAWFUL FOR ANY SUCH MEMBER OR EMPLOYEE TO KNOWINGLY ACCEPT ANY SUCH TRANSPORTATION, PRESENTS OR GRATUITIES FROM ANY SUCH PERSON, FIRM OR ASSOCIATION. (FOOTNOTE OMITTED.)"
YOUR QUESTION ASKS WHETHER THE PROHIBITIONS CONTAINED IN 74 O.S. 4219.1 AND THE "WINDOW" OF TIME PERMITTING CONTRIBUTIONS ACT AS A RESTRICTION UPON NOT ONLY INCUMBENT CANDIDATES FOR REELECTION AS CORPORATION COMMISSIONER BUT ALSO A COMMISSIONER SEEKING OTHER ELECTIVE OFFICE DURING HIS TERM AS A CORPORATION COMMISSIONER.
WHERE THE LANGUAGE OF A STATUTE IS PLAIN AND UNAMBIGUOUS, APPLYING THE VARIOUS RULES OF STATUTORY CONSTRUCTION IS UNNECESSARY. SEE CAVETT V. GEARY BOARD OF EDUCATION, 587 P.2D 991 (OKLA. 1978). IT IS READILY APPARENT FROM THE LANGUAGE OF 74 O.S. 4219.1 THAT THE EVIL SOUGHT TO BE AVOIDED BY THE STATUTE IS TO RESTRICT UNDUE INFLUENCE BEING EXERTED UPON A CORPORATION COMMISSIONER DURING HIS TERM OF OFFICE. IT IS INSTRUCTIVE TO NOTE THAT THE PROHIBITION CONTAINED IN THE STATUTE DOES NOT APPLY TO NONINCUMBENT CANDIDATES FOR CORPORATION COMMISSIONER OTHER THAN EMPLOYEES OF THE COMMISSION. AS THE STATUTE CLEARLY PROHIBITS CAMPAIGN CONTRIBUTIONS TO INCUMBENT COMMISSIONERS AND EMPLOYEES ONLY, IT IS APPARENT THAT THE PURPOSE OF THE STATUTE IS TO PRECLUDE UNDUE INFLUENCE BEING EXERCISED UPON INCUMBENT COMMISSIONERS BY THOSE REGULATED BY THE COMMISSION. IT IS EQUALLY CLEAR THAT THE STATUTE DOES NOT LIMIT THIS PROHIBITION TO CANDIDATES SEEKING REELECTION TO THE COMMISSION, BUT APPLIES TO "ANY CURRENT CANDIDATE'S POLITICAL CAMPAIGN." IT IS MY OPINION THAT THE STATUTE'S FAILURE TO LIMIT THE PROHIBITIONS CONTAINED IN SECTION 4219.1 TO CANDIDATES FOR CORPORATION COMMISSIONER NECESSARILY EXTENDS THE PROHIBITIONS TO INCUMBENT CORPORATION COMMISSIONERS SEEKING ANY ELECTIVE OFFICE.
IT SHOULD BE NOTED, HOWEVER, THAT ALTHOUGH THE STATUTE ACTS AS A PROHIBITION TO CERTAIN CAMPAIGN CONTRIBUTIONS, IT IS ALSO PERMISSIVE. IT IS PERMISSIVE TO THE EXTENT THAT A CURRENT CORPORATION COMMISSIONER WHO IS A CANDIDATE FOR ANY OFFICE MAY ACCEPT POLITICAL CONTRIBUTIONS FROM THOSE PERSONS COVERED BY THE STATUTE DURING THE PERIOD BEGINNING 120 DAYS PRIOR TO THE PRIMARY ELECTION AND ENDING 120 DAYS AFTER THE GENERAL ELECTION.
FINALLY, IT IS CONCEIVABLE THAT AN ARGUMENT COULD BE MADE THAT AN INCUMBENT COMMISSIONER SEEKING OTHER ELECTIVE OFFICE IS SUBJECT TO THE PROHIBITIONS CONTAINED IN SECTION 4219.1, BUT MAY NOT AVAIL HIMSELF OF THE PERMISSIVE WINDOW PROVIDED IN THE STATUTE. THIS, HOWEVER, IGNORES THE APPARENT PURPOSE OF THE STATUTE (TO RESTRICT OPPORTUNITIES FOR UNDUE INFLUENCE ON CORPORATION COMMISSIONERS) AND PRODUCES THE ABSURD RESULT THAT COMMISSIONERS SEEKING RE-ELECTION MAY ACCEPT CONTRIBUTIONS FROM THOSE PERSONS REGULATED BY 74 O.S. 4219.1 DURING THE "WINDOW" PERIOD WHILE A COMMISSIONER RUNNING FOR, E.G., LIEUTENANT GOVERNOR, COULD NOT. THE LEGISLATURE MUST BE PRESUMED NOT TO HAVE INTENDED AN ABSURD RESULT AND STATUTES MUST BE INTERPRETED IN SUCH A WAY TO AVOID AN ABSURD RESULT, KEEPING IN MIND THE EVIL INTENDED TO BE VOIDED. INDEPENDENT SCHOOL DISTRICT NO. JI-69 OF CANADIAN COUNTY V. INDEPENDENT SCHOOL DISTRICT NO. D-45 OF CANADIAN COUNTY, 363 P.2D 835 (OKLA. 1961).
THEREFORE, IT IS MY OPINION THAT AN INCUMBENT CORPORATION COMMISSIONER SEEKING RE-ELECTION OR SEEKING OTHER ELECTIVE OFFICE AS A CANDIDATE MAY ACCEPT POLITICAL CONTRIBUTIONS FROM THOSE PERSONS DESCRIBED IN 74 O.S. 4219.1 I.E. ONLY FOR THAT PERIOD BEGINNING 120 DAYS PRIOR TO THE PRIMARY ELECTION AND ENDING 120 DAYS AFTER THE GENERAL ELECTION.
(DOUGLAS B. ALLEN)